**In re June L. STREET, Debtor.**

**Bankruptcy No. 81 B 12555.**

United States Bankruptcy Court, N. D. Illinois, E. D.

Feb. 22, 1982.

Asher Feren, Chicago, Ill., for debtor.

*Memorandum and order*

THOMAS W. JAMES, Bankruptcy Judge.

The question before the court is whether the court should in order to confirm a chapter 13 plan require a debtor to have and maintain a liability policy covering the debtor with respect to the debtor's operation of the debtor's motor vehicle. The court is of the opinion that such a requirement properly tests the debtor's ability to make all payments under the plan and to comply with the plan.

On December 28, 1981, the court held a hearing on the confirmation of the plan of June L. Street, debtor. At the hearing Miss Street testified that she owned a 1976 Pontiac Sunbird automobile free and clear of any lien, that she does drive the car, sometimes to and from work, and that she had no insurance on the car. Miss Street also stated that she had had no accidents in thirty years of driving.

Miss Street lives at 11732 S. Hale, Chicago, Illinois, in a home in which she has a stated equity of $22,500. Miss Street is entitled to the Illinois homestead exemption of $10,000 under Ill.Rev.Stat. ch. 52, § 1. She has filed a plan calling for payments of $272 monthly for fifty-four months in order to pay her secured creditors and unsecured creditors in full. 11 U.S.C. § 1325(a)(4) provides that the court shall confirm a plan if the value as of the effective date of the plan, of property to be distributed on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the debtor's estate were liquidated under chapter 7 on such date.

Section 1325(a) goes on to state in subsection 6 that the court shall confirm a plan if Miss Street will be able to make all payments under the plan and to comply with the plan. It is here that the court and debtor part, for the court believes that a debtor must provide for the unforeseen expenses of a motor vehicle accident by way of insurance in order for the court to find that Miss Street will have the ability to make her payments over fifty-four months and to comply with the plan.

Section 1325(a)(6) gives broad discretion to the bankruptcy court in determining a debtor's ability to pay. Chapter 13 debtors are in reality seeking from the court the same determination that a consumer lender must make in extending credit for the debtors are asking the bankruptcy courts to keep their creditors at bay over a period of time on the promises of the debtors to make future payments. By its very nature a chapter 13 payment plan balances the debtor's present abilities to pay against the future uncertainties confronting the debtor

and his creditors. The better able the debtor is to satisfy future unknown contingencies, greater will be his chance of success.

The court believes that Miss Street is totally unrealistic in not providing herself with motor vehicle insurance. Even a minor accident may prevent her from making monthly payments to the chapter 13 trustee. If she does not make payments the chapter 13 trustee will move to dismiss. Moreover, if Miss Street after an accident is unable to satisfy the Illinois Secretary of State of her financial responsibility for the future her license may be suspended under Ill.Rev.Stat. ch. 95½, § 7–205. Her car becomes a useless asset.

This court is also concerned with the fundamental fairness that a debtor must have in dealing with creditors. Under chapter 13 a debtor must protect present assets from potential creditors' claims to provide for those creditors to be paid under the plan. Miss Street's unsecured creditors who have claims of some $6,900 must wait for payment during the pendency of the chapter 13 proceeding. The assets to which they may lay claim at present are the car and the home. If Miss Street were involved in a serious motor vehicle accident the car may be a total loss and the equity in her home is exposed to an injured party's claim. An unsecured creditor receiving payments might not be as watchful of assets. The court must weigh the needs of the conflicting interests and has determined that it is fundamentally fair to require the motor vehicle insurance.

As has been noted the feasibility test as stated by § 1325(a)(6) requires that the debtor not only have the present ability to make payment but also the future ability. To be satisfied that this most important element can be met a thorough review of the debtor's financial condition is required. The court must at a confirmation hearing make a quick judgment on this question. It seems no great burden on a debtor to require him to show his good faith by providing this insurance. Regardless of this court's attempt to devine a debtor's ability to make payments the mortality rate of the

chapter 13 proceedings is exceedingly high in this district.

Because Miss Street has not provided insurance the court will not confirm her plan.

It is therefore ordered that confirmation of the chapter 13 plan of June L. Street, debtor, is denied.